UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

CLIFTON DYER,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

FAY PROPERTIES OF VIRGINIA, LLC, a foreign limited liability company d/b/a APM INN & SUITES JACKSONVILLE; FAY PROPERTIES, LLC, a foreign limited liability company, MOHAMMED ALHARMOOSH, and JAWAD ALHARMOOSH,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, CLIFTON DYER, ("DYER"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, FAY PROPERTIES OF VIRGINIA, LLC, a foreign limited liability company d/b/a APM INN & SUITES JACKSONVILLE (hereinafter, "APM"); FAY PROPERTIES, LLC a foreign limited liability company (hereinafter, "FAY"); MOHAMMED ALHARMOOSH, (hereinafter "M. ALHARMOOSH"); and, JAWAD ALHARMOOSH, (hereinafter "J. ALHARMOOSH") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## **JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, APM and FAY were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, APM and FAY regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a motel where the Plaintiff was employed. Plaintiff's work at these motels involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, tools, electronic equipment, bedding supplies, cleaners, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

4. During the relevant time period, Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, tools, electronic equipment, bedding supplies, cleaners, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5. During the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

   and,

   b. Defendants were and continue to be companies and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, DYER was a resident of Jacksonville, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the Defendants were conducting business in Jacksonville County, Florida.

11. At all times material hereto, Defendants were the employers of Plaintiff, DYER.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

13. At all times material hereto, Defendants failed to pay Plaintiff, DYER wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendants, APM and FAY were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. Commencing on or about April 19, 2019, Plaintiff, DYER was hired by the Defendants to work as a maintenance man at the Defendants' motel. His employment ended on or about January 19, 2020.

19. Plaintiff, DYER was not the applicable federal and state minimum wage hour of his work.

20. The Defendants failed to keep records in compliance with the FLSA's recordkeeping requirements.

21. The Plaintiff stayed in a small room at the Defendants' motel so he could respond to motel guest issues at all times of day/night.

22. The Defendants required plaintiff to pay $280.00 per week to live in a room on the Defendants' premises.

23. The Plaintiff generally worked about 40 hours per week, but sometimes worked hours in excess of 40 per week

24. Even though Plaintiff, DYER worked in excess of forty hours per week, Defendants failed to pay him at the rate of time-and-one-half times the applicable minimum wage.

25. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

26. Defendants M. ALHARMOOSH and J. ALHARMOOSH were supervisors and manager/owners who were involved in the day-to-day operations of APM and FAY and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

27. Defendants, M. ALHARMOOSH; and J. ALHARMOOSH were directly involved in decisions affecting employee compensation (and the lack thereof) and/or hours worked by Plaintiff.

28. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

29. Plaintiff, DYER realleges Paragraphs 1 through 28 as if fully stated herein.

30. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

31. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

32. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($41,636.90);

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff realleges Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

37. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for all of his work hours.

40. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

41. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due for 2017 through 2019 as calculated above;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

42. Plaintiff, DYER realleges Paragraphs 1 through 28 as if fully stated herein.

43. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

44. During Plaintiff's employment, Defendants paid his less than the statutory minimum wage for all of his work hours.

45. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing in the amount calculated above;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

g. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  May 21, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:     s/. Peter Bober
        PETER BOBER
        FBN:  0122955
        SAMARA ROBBINS BOBER
        FBN: 0156248