## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CLIFTON DYER,

          Plaintiff,

v.                                           Case No. 3:20-cv-511-TJC-JRK

FAY PROPERTIES OF VIRGINIA, LLC,
a foreign limited liability company
doing business as APM Inn & Suites
Jacksonville, et al.,

          Defendants.

_____

## O R D E R

      This cause is before the Court on Plaintiff's Motion for Rule 11 Sanctions (Doc. No. 35; "Motion"), filed February 5, 2021. Defendants responded and objected to the Motion on February 15, 2021. See Defendants' Response and Objection to Plaintiff's Motion for Rule 11 Sanctions (Doc. No. 37; "Response").

      Plaintiff seeks sanctions pursuant to Rule 11, Federal Rules of Civil Procedure ("Rule(s)"), because in their Answers (Doc. Nos. 9, 10), Defendants "misinterpret the law and deny manifest [Fair Labor Standards Act] violations," and "they have frivolously denied [certain p]aragraphs of the Complaint[.]" Motion at 3.[1] Plaintiff further asserts that "Defendants also have raised

_____

[1]    Plaintiff states that he served Defendants with his Motion on January 14, 2021 pursuant to Rule 11. Motion at 2; see Fed. R. Civ. P. 11(c)(2).

frivolous affirmative defenses which are similarly bogus." <u>Id.</u> at 4. As potential sanctions, Plaintiff suggests that the Court award attorney's fees and costs, impose monetary sanctions against Defendants and their counsel, as well as "grant all other relief deemed appropriate." <u>Id.</u> at 19.

Responding, Defendants contend that the Motion is frivolous on the ground that "preliminary discovery exchanged" and "discovery that has not yet occurred" show there is no basis for the Motion. Response at 3-4. Defendants further assert that the Motion "makes several allegations which [Plaintiff] refers to as being factual and support [Plaintiff's] conclusion" that Defendants' Answers include "frivolous denials." <u>Id.</u> at 4. Defendants then claim that the Motion "makes additional assertions contradicted by the preliminary discovered facts" and that "there [are] no factual or legal assertions" for Plaintiff "to reach his implied but unstated conclusion [in his Motion]." <u>Id.</u> at 5; <u>see also</u> <u>id.</u> at 5-9 (discussing Plaintiff's "stated" conclusions in his Motion with Defendants' rejection and explanation of these "conclusions").

Sanctions, under Rule 11, are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. <u>Cook-Benjamin v.</u> <u>MHM Corr. Servs.</u>, 571 F. App'x 944, 948 (11th Cir. 2014) (citing <u>Jones v. Int'l</u>

Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995)); see also Fed. R. Civ. P. 11(b), (c).

In analyzing whether Rule 11 sanctions are appropriate, a district court first must determine whether the challenged claims are "objectively frivolous" in view of the facts or law. Jones, 49 F.3d at 695. If the court finds they are, it must determine whether the person who signed the pleading "should have been aware that [it was] frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Id. "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (citation and quotation omitted).

On review of the parties' memoranda, the file, and the relevant factors under Rule 11, the undersigned is unwilling to make the finding that Defendants' denials and affirmative defenses (in their Answers) are "objectively frivolous." Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment;[2] see also FCOA, LLC v. Foremost Title & Escrow Servs., No. 17-CIV-23971, 2018 WL 624497, at *2 (S.D. Fla. Jan. 30,

---

[2]      The advisory committee notes also indicate that Rule 11 motions should not "be prepared to emphasize the merits of a party's position . . . ." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

2018) (unpublished) (denying a motion for Rule 11 sanctions because the court found that the defendant's motion for sanctions was an "improper attempt to convert a disagreement over the factual allegations and legal arguments in [the p]laintiff's complaint into a sanctions dispute"); <u>Bigford v. BESM, Inc.</u>, No. 12-61215-CIV, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (unpublished) (explaining that Rule 11 is an extraordinary remedy that "should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits" (quoting <u>In re New Motor Vehicles Canadian Exp. Antitrust Litig.</u>, 244 F.R.D. 70, 74 (D. Me. 2007))).

The Motion appears to ask the Court to rule on the merits of Plaintiff's claim (whether a violation occurred under the Fair Labor Standards Act) and therefore Rule 11 is not the proper avenue to decide this issue. Additionally, there are pending dispositive motions before the Court. <u>See</u> Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (stating that "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ."); <u>FCOA</u>, 2018 WL 624497, at *3 (stating that "the Eleventh Circuit has found [that] Rule 11 sanctions are ordinarily not determined until the end of a case" (emphasis omitted)).

In light of the above, and because both parties currently have dispositive motions pending before the Court (see Doc. Nos. 40, 45), the undersigned declines to sanction Defendants. Accordingly, it is

**ORDERED**:

Plaintiff's Motion for Rule 11 Sanctions (Doc. No. 35) is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida on April 22, 2021.

JAMES R. KLINDT
United States Magistrate Judge

keb
Copies:
Counsel of Record